NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID S. MATTHEWS, | |
| Plaintiff, | Civ. Action No.: 16-9535-BRM-DEA |
| v. | |
| PRINCETON HEALTHCARE SYSTEMS, | **OPINION** |
| Defendant. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff David S. Matthews's ("Plaintiff") Complaint asserting "very sensitive records were sent to [Plaintiff's] mothers [sic] business (A Creative Touch)" without Plaintiff's release. Because Plaintiff has been granted *in forma pauperis* status (ECF No. 3), this Court is required to *sua sponte* screen Plaintiff's Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Additionally, the Court has an independent obligation to raise subject-matter jurisdiction concerns. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003). For the reasons set forth below, Plaintiff's Complaint is **DISMISSED** without prejudice.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, federal courts have an "independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit*, 347 F.3d at 77. In such circumstances, courts can *sua sponte* raise subject-matter jurisdiction concerns, and may dismiss the case if not satisfied that jurisdiction is proper. *Id.* "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation

1

the case is properly before the federal court." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Original subject-matter jurisdiction is established by meeting the requirements of either diversity of citizenship, coupled with satisfying the requisite amount in controversy, pursuant to 28 U.S.C. § 1332; or by pleading a violation of a federal statute, the United States Constitution, or federal law, pursuant to 28 U.S.C. § 1331.

In this case, Plaintiff's Complaint does not expressly plead a basis for federal subject-matter jurisdiction. (ECF. No. 1 at 2-4.) Plaintiff alleges "very sensitive records were sent to [Plaintiff's] mothers [sic] business (A Creative Touch)" without his release. (ECF No. 1 at 3.) It is unclear on the face of the Complaint whether that claim arises under a federal statute, federal law, or the United States Constitution. Furthermore, there is no diversity of citizenship among the parties, pursuant to 28 U.S.C. § 1332, because, according to the pleadings, all parties are citizens of the state of New Jersey. Accordingly, Plaintiff does not allege a basis for federal subject-matter jurisdiction, and his Complaint is **DISMISSED** without prejudice. Plaintiff may amend his complaint as set forth in the accompanying order.

Date: April 27, 2017
*/s/ Brian R. Martinotti*_____
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**